IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD WARGO,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:25-cv-08037<br><br>**Judge Jeffrey I. Cummings**<br><br>**Magistrate Judge M. David Weisman** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff EDWARD WARGO ("Wargo" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Wargo having moved for entry of Default and Default Judgment against the defendants identified on the First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Wargo having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Wargo has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Wargo's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-424-105; VA 2-423-101; VA 2-424-104; VA 2-423-418; VA 2-423-742; and VA 2-423-096 (the "Edward Wargo Works") to residents of Illinois. In this case, Wargo has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Edward Wargo Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Edward Wargo Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Wargo's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:
   a. using the Edward Wargo Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Wargo product or not authorized by Wargo to be sold in connection with the Edward Wargo Works;
   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Wargo product or any other product produced by Wargo, that is not Wargo's or not produced under the authorization, control, or supervision of Wargo and approved by Wargo for sale under the Edward Wargo Works;
   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Wargo, or are sponsored by, approved by, or otherwise connected with Wargo; and
   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Wargo, nor authorized by Wargo to be sold or offered for sale, and which bear any of Wargo's copyrights, including the Edward Wargo Works, or any reproductions, infringing copies, or colorable imitations.
2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Edward Wargo Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Edward Wargo Works or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Wargo product or not authorized by Wargo to be sold in connection with the Edward Wargo Works.

3. Upon Wargo's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Edward Wargo Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Wargo is awarded statutory damages from each of the Defaulting Defendants in the amount of fifteen thousand dollars ($15,000) for willful use of infringing Edward Wargo Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon are hereby released to Wargo as partial payment of the above-identified damages, and Third Party Providers, including Amazon are ordered to release to Wargo the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Wargo has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Wargo shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Wargo identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Wargo may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Edward Wargo and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ($10,000) Ten Thousand dollar surety bond posted by Wargo is hereby released to Wargo or Plaintiff's counsel, JiangIP LLC, 33 W Jackson Blvd, #2W, Chicago, Illinois, 60604 The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Wargo or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: October 9, 2025

_Jeff Cummings_
Jeffrey I. Cummings
United States District Judge

**First Amended Schedule A**

| No. | Defendant |
|---|---|
| 1 | |
| 2 | |
| 3 | guangxibangtuoxinxikejiyouxiangongsi |
| 4 | |
| 5 | |
| 6 | yilingquyaquelingzhenfanngbaihuodian getigongshanghu |
| 7 | xiaoxue- |
| 8 | Zhaochenlu |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | YIYIXIANG |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | NiuMiao563 |
| 27 | |
| 28 | caozhongliang |
| 29 | ShangHaiDingJiZhuangShiGongChengZhongXin |
| 30 | jingmenshigangyoushangmao |
| 31 | |
| 32 | gedcnja |
| 33 | |
| 34 | OMGA-SHOP |
| 35 | kaishengshop |
| 36 | |
| 37 | |
| 38 | |

| 39 | |
|----|------------------------------|
| 40 | jinjianhui |
| 41 | CXHZBHD |
| 42 | 马界国际商贸 |
| 43 | chunguiyiding668 |
| 44 | Fan shi si Department Store |
| 45 | ushiechengquzelinz |
| 46 | kenzi77 |
| 47 | 西双版纳新枝商贸有限公司 |
| 48 | lichaoqwe |
| 49 | 各位大佬大卖（有问题联系立删） |
| 50 | |